**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/12
```

COREY JACKSON,                    :

         Petitioner,        :

                      :        03 Civ. 2737 (BSJ)(RLE)

         v.                :        **Memorandum & Order**

                      :

DANIEL SENKOWSKI,                 :
Superintendent, Clinton           :
Correctional Facility             :

                      :

         Respondent.       :
------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Before the Court are the objections of *pro se*
Petitioner Corey Jackson ("Petitioner") and Respondent
Daniel Senkowski, Superintendent of the Clinton
Correctional Facility ("Respondent"), to the September 10,
2008 Report and Recommendation (the "R&R") of Magistrate
Judge Ronald L. Ellis recommending the denial of Jackson's
Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.
§ 2254 (the "Petition").  For the following reasons, the
Court adopts in part the recommendations of the R&R,
overrules Petitioner's objections, overrules Respondent's
objections, and **DENIES** the petition in its entirety.

## BACKGROUND[1]

Petitioner filed the instant Petition on January 30, 2003.[2]  The Petition alleges that Petitioner's incarceration violates his constitutional rights because: (1) his trial counsel failed to provide effective assistance as required by the Sixth Amendment; (2) the trial court denied him his constitutional right to a fair trial when it failed to dismiss juror Robert Manning ("Manning") for cause; (3) the trial court improperly allowed hearsay statements into evidence; (4) the trial court improperly denied his motion to dismiss the indictment due to a violation of Brady v. Maryland, 373 U.S. 83 (1963); and (5) the evidence at trial did not prove his guilt beyond a reasonable doubt.  With respect to his ineffective assistance of counsel claim, the Petition specifically alleges that his Sixth Amendment rights were violated by trial counsel's failure to: (a) challenge juror Manning for cause; (b) object to the prosecutor's opening statement; and (c) request an accomplice corroboration charge.

---

1 The Court presumes familiarity with the R&R, and adopts its factual background and procedural history except where explicitly indicated in this order.

2 The Court notes that the instant Petition is the Petitioner's second filing seeking habeas relief.  Petitioner previously filed a petition pursuant to 28 U.S.C. § 2254 which was assigned to docket no. 1:00-cv-3306 on May 1, 2000.  In an order dated July 24, 2001, the Hon. Deborah H. Batts dismissed this petition without prejudice so that Petitioner could exhaust his newly added claims in state court.

On September 10, 2008, Magistrate Judge Ellis issued a Report and Recommendation (the "R&R") recommending that this Court deny the Petition.  The R&R finds that: (1) both Petitioner's ineffective assistance of counsel claims and his fair trial claim are procedurally barred and meritless; (2) Petitioner's claim relating to the trial court's admission of statements by a witness is unexhausted and not federal or constitutional in nature; (3) the trial court's denial of Petitioner's motion to dismiss the indictment was not an unreasonable application of clearly established federal law; and (4) Petitioner's challenge to the weight of the evidence upholding his conviction had not been procedurally exhausted in state court and was meritless.

On September 18, 2008, Respondent filed an Affidavit in Objection to Magistrate Judge Ellis' Report and Recommendation ("Aff. in Objection to R&R").  In that affidavit, Respondent objected to the R&R's finding that Petitioner had procedurally exhausted his ineffective assistance of counsel claims relating to trial counsel's failure to: (a) object to the prosecutor's opening statement; and (b) request an accomplice corroboration charge.  Respondent also objected to Magistrate Judge Ellis' determination that prosecution witness, Milton

3

Harris' ("Harris"), statements to the police serve as possible evidence suggesting that he was an accomplice.

On October 1, 2008, Petitioner filed his Objection to the Report and Recommendation ("Pet. Objections to R&R").[3] Construing this *pro se* Petitioner's objections in the light most favorable to his case, see Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008), the Court reads Petitioner's Objections to argue that: (1) the Petitioner's ineffective assistance of counsel claims and fair trial claim were exhausted and are not procedurally barred; (2) trial counsel's failure to object to the prosecutor's opening statement constituted constitutionally deficient representation; (3) trial counsel's failure to request an accomplice corroboration charge constituted constitutionally deficient representation; (4) the trial court's admission of hearsay statements violated federal law; (5) the trial court's denial of Petitioner's motion to dismiss the indictment was inconsistent with Supreme Court precedent under Brady, 373 U.S. 83; and (5) the weight of the evidence in Petitioner's case was insufficient for any rational trier of fact to have found him guilty beyond a reasonable doubt.

---

3 Petitioner subsequently supplemented these objections on December 31, 2008. The Court has reviewed and considered both the originally filed objections, along with the supplemental filing.

## STANDARD OF REVIEW

Although the district court is obliged to liberally construe the claims articulated in a *pro se* habeas petition, Id., a habeas petitioner still "bears the burden to prove his allegations by a preponderance of the evidence," Gotti v. United States, 622 F. Supp. 2d 87, 91 (S.D.N.Y.2009) (citing Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir.1997)).

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* any portions of a magistrate judge's report to which a party has stated an objection. 28 U.S.C. § 636(b)(1); see United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997.) "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006)(quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

## DISCUSSION

### A. Exhaustion

As an initial matter, "a state prisoner must normally exhaust available judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971). Accordingly, the Court may consider a petition "[o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." Id.

In his R&R, Magistrate Judge Ellis found that the Petition contained both exhausted and unexhausted claims. The R&R specifically found that Petitioner had exhausted state remedies for the following claims made in the Petition: the ineffective assistance of counsel claims, the fair trial claim, and the claim relating to the trial court's denial of his motion to dismiss the indictment for a Brady violation. With respect to the unexhausted claims, the R&R found that: (1) Petitioner had failed to raise in the state courts any federal or constitutional claim relating to his claim that the trial court improperly allowed hearsay into evidence; and (2) Petitioner had not raised his claim regarding the weight of the evidence at his trial through the state court system.

6

The Court turns first to the exhausted claims.  In his
objections to the R&R, Respondent argues that the
Petitioner has not exhausted state remedies for his
ineffective assistance of counsel claims relating to trial
counsel's failure to: (1) object to the prosecutor's
opening statement; and (2) request an accomplice
corroboration charge.  Respondent argues that, although
these claims were raised in Petitioner's motion pursuant to
New York Criminal Procedure Law § 440.10, Petitioner did
not include these claims in his application seeking leave
to appeal the trial court's denial of his § 440 motion.

Having reviewed the Petitioner's submissions in his
appeal to the Appellate Division for the trial court's
denial of his § 440 motion, this Court agrees with the
findings of the magistrate judge.  Although the
Petitioner's affidavit in support of his appeal focuses on
his claims relating to juror Manning in the section
entitled "Reasons Why Certificate Granting Leave to Appeal
Should Be Granted," the first page of Petitioner's
affidavit states: "the question of law and fact which it is
claimed ought to be reviewed is whether the lower Court
properly denied a motion to vacate judgment inwhere [sic] .
. . [d]efendant raised a issue of ineffective assistance of
trial counsel, addressing three major points of counsel's

ineffectiveness." (Aff. in Opp., Exh. 8, Aff. in Supp. of
Motion for Leave to Appeal NYCPL § 460.15 at ¶3.)   The
affidavit then goes on to detail these three claims as
including:

> b) Trial counsel failed to request an accomplice
> witness charge, which was in the best interest of
> his client, and failure of such was not part of a
> meaningful trial strategy...
>
> c) Trial counsels [sic] failure to object to the
> opening statement of the prosecution began the
> cumulative effect which ended in defendants [sic]
> sixth amendment [sic] constitutional right being
> violated.

(Aff. in Opp., Exh. 8, Aff. in Supp. of Motion for Leave to
Appeal NYCPL § 460.15 at ¶7.)

In light of Petitioner's submissions on appeal in the
state court system, the Court adopts the R&R's finding that
Petitioner has exhausted state court remedies for all of
the Petition's ineffective assistance of counsel claims.

The Court next addresses the R&R's findings that the
Petitioner has failed to exhaust in state court either his
evidentiary claim or his claim relating to the weight of
the evidence against him at trial.   Petitioner has
generally objected to these findings and argues
specifically that he may now raise his ineffective
assistance of counsel claim, even if he did not raise the
claim on direct appeal.

8

On the evidentiary claim, the Court agrees with
Magistrate Judge Ellis that, while Petitioner did pursue
this claim on appeal in the state court system, the claim
raised in the state court system did not involve any
federal or constitutional claims. (Aff. in Opp., Exh. 1,
Br. For Def.-Appellant at 32-37.)  The Court similarly
agrees with Judge Ellis in his finding that Petitioner
never raised his current weight of the evidence claim in
any of his submissions through state court. (Aff. in Opp.,
Exhs. 1, 4, 6, 8.)

Although the Court agrees with the magistrate judge's
finding that Petitioner failed to exhaust his state court
remedies for either his evidentiary claim or his weight of
the evidence claim, since Petitioner no longer has remedies
available to him in state court for either claim,[4] the Court
may consider these claims exhausted.  Bossett v. Walker, 41
F.3d 825, 828 (2d Cir. 1994).  The Court therefore declines
to adopt the R&R's recommendation that these claims be
considered unexhausted.[5]

---

4 N.Y. Crim. Proc. Law § 500.10(a) precludes the Petitioner from
pursuing these claims on direct appeal because he has already made one
request for leave to appeal to which he is entitled, and N.Y. Crim.
Proc. Law § 440.10(2) precludes Petitioner from seeking on collateral
appeal that which could have been raised on direct review but was not.

5 Since Petitioner did not object to the R&R on the grounds that the
Court now relies on in its decision, the Court overrules the substance
of Petitioner's objections on his unexhausted claims.

Having determined that the Petition's claims are
exhausted, the Court next considers whether it is otherwise
precluded from considering any of the Petition's claims.

## B. Procedural Bar

Generally, when "the last state court rendering a
judgment in [a] case clearly and expressly states that its
judgment rests on a state procedural bar," a federal court
is precluded from reviewing the claims in a subsequent
habeas petition.  Harris v. Reed, 489 U.S. 255, 263 (1989)
(internal quotations omitted).  Moreover, "the adequate and
independent state ground doctrine requires the federal
court to honor a state holding that is a sufficient basis
for the state court's judgment, even when the state court
also relies on federal law."  Harris, 489 U.S. at 264 FN.
10.  For this reason, "federal habeas review is precluded
as long as the state court explicitly invokes a state
procedural bar as a separate basis for decision."
Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990)
(internal citations omitted).  Furthermore, to the extent
that the last state court to issue a judgment did not
disclose the reason for its decision, as long as "the last
reasoned opinion on the claim explicitly imposes a
procedural default," federal habeas courts "will presume
that a later decision rejecting the claim did not silently

10

disregard that bar and consider the merits." <u>Ylst v.</u>
<u>Nunnemaker</u>, 501 U.S. 797, 803 (1991).

In the case at bar, the R&R found that the Court was
precluded from reviewing Petitioner's ineffective
assistance of counsel claims and his fair trial claims
because the last reasoned state court opinion dismissed
these claims on state procedural grounds.  R&R at 9.

Petitioner objects to this finding and argues instead
that the ineffective assistance of counsel claims and fair
trial claim are not procedurally barred.  (Pet. Objections
to R&R ¶ 1.)  Petitioner also argues in the alternative
that, even if the claims are procedurally barred,
Petitioner's claims present an exception to the procedural
bar.  (<u>Id.</u>)

Having reviewed the record, including the state court
judgments on Petitioner's claims, the Court agrees with the
magistrate judge that both the Petition's ineffective
assistance of counsel claims and its fair trial claim are
procedurally barred.  In its decision on Petitioner's
motion pursuant to N.Y. Crim. Proc. Law § 440.10, the
Supreme Court of New York, Bronx County, denied
Petitioner's claims "[p]ursuant to CPL 220.10

11

(2)(c)[6]...[because] defendant unjustifiably failed to raise such ground or issue upon his appeal." (Aff. in Opp., Exh. 7, Order at 3.) Although the state court judge went on to decide in the alternative that Petitioner's claims would also be denied on the merits pursuant to N.Y. Crim. Proc. Law § 440.30 [4][c]; and [4][d][i],[7] the language of the opinion[8] makes clear that the state procedural bar remained a separate basis for the court's decision.

Accordingly, since the Appellate Division denied Petitioner's leave to appeal the lower state court's decision in a certificate which did not explain the appeals court's judgment, (Aff. in Opp., Exh. 10, Certificate Denying Appeal,) the state court's reliance on N.Y. Crim. Proc. Law § 440.20(2)(c) in its decision to deny Petitioner's § 440.10 motion precludes this Court from

---

6 N.Y. Crim. Proc. Law § 440.20(2)(c) states in relevant part that: "the court must deny such a motion when the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue."

7 N.Y. Crim. Proc. L. § 440.30 [4][c] and [d][i] state in relevant part that: "Upon considering the merits of the motion, the court may deny it without conducting a hearing if:...(c) An allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof; or (d) An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence..."

8 The state court decision reads in relevant part: "Additionally, defendant's claims are likewise denied pursuant to CPL 440.30 [4][c]; and [4][d][i]." (Aff. in Opp., Exh. 7, Order at 3.) (emphasis added).

reviewing the Petition's ineffective assistance of counsel claims and fair trial claim.[9]

Having determined that a procedural bar precludes the Court from reviewing the Petition's ineffective assistance of counsel claims and fair trial claim, the Court now turns to Petitioner's alternative argument that his claims present an exception to the procedural bar.

A case presents an exception to the procedural bar if the petitioner can demonstrate cause for the default in state court and actual prejudice attributable thereto. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The petition may also be exempted from the procedural bar if the petitioner "demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." Id.

In support of his argument that his claims should not be procedurally barred, Petitioner has not provided any new information as to the cause for his procedural default or prejudice attributable thereto, nor has he presented the Court with any information to suggest that denial of his petition would result in a fundamental miscarriage of

---

[9] It is well-established in the Second Circuit that a state court's reliance on N.Y. Crim. Proc. L. § 440.10(2)(c) serves as an independent and adequate state procedural ground. See Murden v. Artuz, 497 F.3d 178, 196 (2d Cir. 2007); see also Felder v. Goord, 564 F.Supp. 2d 201, 216 (S.D.N.Y. 2008).

justice.  Petitioner's sole argument appears to be that,
under United States v. Massaro, 538 U.S. 500 (2003), he may
now raise his ineffective assistance of counsel claims
without first raising them on direct appeal.

The Court finds Petitioner's arguments to be meritless
and his reliance on Massaro, which involved 28 U.S.C. §
2255, misplaced.  Accordingly, the Court adopts the R&R and
finds that Petitioner has not overcome the procedural bar
which applies to his ineffective assistance of counsel
claims and fair trial claim.

## C. Analysis of Claims

Having determined that Petitioner's claims are
exhausted, and certain of the Petition's claims are
procedurally barred, the Court now considers the individual
claims made in the Petition.

As an initial matter, the Court notes that, under the
Antiterrorism Effective Death Penalty Act ("AEDPA"), the
Court must give prior state court adjudications of
Petitioner's claims on the merits a high degree of
deference.  See Jimenez v. Walker, 458 F.3d 130, 145-46 (2d
Cir. 2006) ("The effect of [AEDPA] is to present federal
habeas courts with a binary circumstance: we either apply
AEDPA deference to review a state court's disposition of a
federal claim or refuse to review the claim because of a

14

procedural bar properly raised.  The middle ground...does
not exist.") (internal citations omitted).  Where the New
York state court judge adjudicated Petitioners' claims on
the merits, the Court cannot grant Petitioners' habeas
application unless the state court's decision "was contrary
to, or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court
of the United States or...was based on an unreasonable
determination of the facts in light of the evidence
presented in the state court proceeding."  28 U.S.C. §
2254(d).  See also Williams v. Taylor, 529 U.S. 362 (2000).

### 1. *Procedurally Barred Claims*

Since this Court is procedurally barred from
considering Petitioner's ineffective assistance of counsel
claims and fair trial claim, the Court need not reach the
substance of these claims.  The Court notes, however, that
it would continue to deny these claims even in the absence
of the procedural bar.

Since the state court judge's alternative judgment on
the merits on Petitioner's § 440.10 motion was neither
contrary to nor an unreasonable application of Supreme
Court precedent, nor was it based on an unreasonable

15

determination of the facts,[10] this Court finds that it must

give deference to the decision of the state court and deny

Petitioner's claims on this basis.

### 2. *Evidentiary Claim*

Petitioner contends in his evidentiary claim that his

trial was unfair due to the trial court's error in

admitting statements by a witness as a past recollection

recorded.  The R&R found that, since a question of past

recollection recorded is not a federal constitutional

violation, the Petitioner cannot seek habeas relief on this

ground.  (R&R at 20.)  Petitioner objects to the R&R and

instead alleges that there are "requirements for admitting

past recollection recorded evidence according to both state

and federal courts."  (Pet. Opp. to R&R ¶4.)

While the Court acknowledges that there are federal

evidentiary standards, that fact does not convert

Petitioner's state evidentiary claim into one implicating a

federal constitutional right.  Furthermore, Petitioner's

evidentiary claim makes no claim that the improperly

admitted evidence was so unfair that it violated

fundamental concepts of justice, or that reasonable doubt

---

[10] Since the Court finds that, pursuant to AEDPA, it is precluded from addressing the merits of Petitioner's ineffective assistance of counsel claims, it need not address Respondent's objection to Judge Ellis' determination that "Harris's statement to the police serves as possible evidence" suggesting that he was an accomplice.  Aff. in Objection to R&R at ¶ 3.

16

would have existed in the absence of the admitted evidence.
Rosario v. Ercole, 582 F. Supp. 2d 541, 558 (S.D.N.Y. 2008)
("[E]videntiary rulings, even erroneous ones, rarely rise
to the level of a constitutional violation.  Habeas relief
can be granted only if improperly admitted evidence is so
unfair that it violates fundamental concepts of justice.
The erroneous evidence must have provided the basis for
conviction, or else the evidence must be so integral that
without it, reasonable doubt would have existed.")
(internal citations omitted.)

The Court therefore denies Petitioner's request for
habeas relief on the basis of his evidentiary claim.

### 3. *Brady Violation Claim*

Petitioner's Brady claim relates to a statement by
Nicholas Taylor ("Taylor"), a witness who made statements
to the police a few days after the crime.  (Aff. in Opp.,
Exh. 1, Br. for Appellant at 25.)  In those statements,
Taylor stated that Petitioner was in the stairwell, rather
than inside the apartment with the victims, when the fatal
shots were fired.  Id.  The prosecution did not reveal
Taylor's statements to the Petitioner's defense until three
and a half years after the statements were made.  Id.  At
which point, Taylor's memory of the incident had diminished

to the point that he could no longer recollect any of the
events at issue.[11]  Id.

Considering Petitioner's Brady claim,[12] the R&R first
finds that there was no Brady violation.  Even assuming
that there was a Brady violation, however, the magistrate
judge still recommends that the Court deny the claim out of
deference to the state court's judgment.

In their decision denying Petitioner's appeal, the
Appellate Division held that:

> We agree with the motion court's determination that
> the extraordinary sanction of dismissal was not
> warranted for the People's delayed disclosure, in
> violation of Brady v. Maryland (373 U.S. 83), of two
> possibly exculpatory statements of a witness.  In any
> event, the statements were disclosed six months prior
> to trial and defendant knew of the witness's identity
> by the time of defendant's indictment.  We find that
> any prejudice to defendant resulting from the delay
> was prevented by the court's curative actions...

People v. Jackson, 264 A.D.2d 683, 683-84 (N.Y. App. Div.
1999).  The Appellate Division went on to hold that the
trial judge effectively remedied any prejudice stemming
from the prosecution's Brady violation by: (1) severing the
Petitioner's trial from those of his co-defendants; (2)
allowing the admission of Taylor's otherwise inadmissible

---

11 Taylor's ability to recollect the incident may have been aggravated
by a learning disability.  (Aff. in Opp., Exh. 1, Br. for Appellant at
25.)

12 The Supreme Court held in Brady that the government may not suppress
evidence favorable to an accused "where the evidence is material either
to guilt or to punishment, irrespective of the good or bad faith of the
prosecution."  373 U.S. at 87

exculpatory statements, and (3) instructing the jury that they could draw an adverse inference against the prosecution for the prosecution's failure to disclose the information earlier.  Id. at 684 and (Aff. in Opp., Exh. 2, Resp't Br. 32).

In his objections, Petitioner objects to both the R&R's finding that the prosecutor did not commit a Brady violation, as well as, its finding that Petitioner was not prejudiced by this violation.

The Court has reviewed the judgment of the Appellate Division, and it agrees with the magistrate judge that the Appellate Division's decision on the Petition's Brady claim was neither contrary to nor an unreasonable application of federal law.  Accordingly, the Court gives deference to the decision of the Appellate Division and denies Petitioner's Brady claim.

**4. *Weight of the Evidence Claim***

As a final claim, the Petitioner argues that the weight of the evidence at his trial did not prove his guilt beyond a reasonable doubt.

After construing the Petitioner's claim "against the weight of the evidence" as a federally cognizable "sufficiency of the evidence claim," Ventura v. Artuz, No. 99 Civ. 12025, 2000 WL 995497, at *7 (S.D.N.Y. July 19,

2000), the R&R found that the evidence presented at trial was sufficient "to allow a rational trier of fact to find that the prosecutor proved the essential elements of second degree murder, and that Jackson's guilt had been proven beyond a reasonable doubt." R&R at 24.

While Petitioner objects generally to the magistrate judge's findings, he has not provided any additional details beyond his original Petition to support his claim.

"A habeas petitioner challenging the sufficiency of the evidence...bears a very heavy burden. To prevail, the petitioner must show that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Cabrera v. Brown, No. 09 Civ. 3124, 2012 WL 2861612, at *7 (S.D.N.Y. July 10, 2012).

Having reviewed the Petitioner's submissions, the Court agrees with the magistrate judge that the evidence presented at trial was not such that no rational trier of fact could have found proof of Petitioner's guilt beyond a reasonable doubt. The Court accordingly overrules Petitioner's objections, adopts the R&R, and denies Petitioner's weight of the evidence claim.

## CONCLUSION

For the reasons state above, the Court **DENIES** the Petition.

20

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-5 (1962). The Clerk of the Court is directed to close this case.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**


Dated:    New York, New York
          July 30, 2012

21