UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
:
COREY JACKSON,                :
          Petitioner,         :
                              :    03 Civ. 2737 (BSJ)(RLE)
     v.                       :    **Memorandum & Order**
                              :
DANIEL SENKOWSKI,             :
Superintendent, Clinton       :
Correctional Facility         :
                              :
          Respondent.         :
------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/19/2012

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

In an order dated July 30, 2012, this Court denied Petitioner Corey Jackson's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 21, 2012, the SDNY Pro Se Office received a submission from the Petitioner, in which he asks that the Court "take into reconsideration my overall plight . . . ." (Mot. for Recons.) (Dkt. #44).

The Court construes the filings of a *pro se* litigant to raise the strongest arguments they suggest. See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court therefore accepts the Petitioner's unlabeled submission as a motion for reconsideration pursuant to Rule 60(b).

Although Petitioner has appealed this Court's denial of his petition for habeas relief, this Court retains jurisdiction to entertain and deny motions for

reconsideration made pursuant to Rule 60(b). See King v. First American Investigations, Inc., 287 F.3d 91, 94 (2d Cir.2002).

"[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.2d 74, 77 (2d Cir. 2004). "[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Id. at 82.

Although Petitioner asserts that he believes the denial of his habeas petition "signifies the symbol of one that is being sacrificed in the arena of our jurisprudence system," (Mot. for Recons.) (Dkt. #44), the only substantive argument made by Petitioner is that he has "always maintained my unconditional innocence." Id. Since Petitioner's motion appears to only attack his underlying

2

conviction, the Court denies the motion in its entirety as beyond the scope of Rule 60(b).

The Clerk of the Court is directed to terminate motion #44 on the ECF docket and to close the case.

**SO ORDERED:**

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         November 19, 2012

3